IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-CR-00388-RJC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| JERMAINE MASSEY | ) |
| | ) |

**THIS MATTER** is before the Court upon motions of the defendant pro se and through counsel for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines regarding drug offenses, (Doc. Nos. 55, 58), his motion for appointment of counsel, (Doc. No. 57), and related pleadings.

The defendant pled guilty to conspiring to possess with intent to distribute at least 50 grams of crack cocaine (Count One of the Superseding Indictment) and possessing a firearm in furtherance of a drug trafficking offense (Count Five). (Doc. No. 42: Judgment). At sentencing, the Court determined that the amount of cocaine base reasonably foreseeable to the defendant was between 500 grams and 1.5 kilograms. (Doc. No. 59: Supplemental Presentence Report at 1). The total offense level of 31, combined with a criminal history category of III, resulted in an advisory guideline range of 135-168 months on the drug offense. (Id.). The Court imposed a sentence of 147 months on Count One and 60 consecutive months on Count Five, the 36% above the low end of the range. (Doc. No. 42: Judgment at 2).

Under the most recent amendments to the guidelines, the total offense level for the defendant's drug offense is 29, USSG Supp. to Appx. C., Amend. 782 (2014), resulting in an amended guideline range of 120-135 months. (Doc. No. 59: Supplemental Presentence Report at 2). The defendant seeks a sentence at the low end of the amended range, (Doc. No. 58: Motion

at 1), and the government has not objected to a reduction.  A sentence of 125 months on Count One, 36% above the low end of the range, would be comparable to the original sentence. (Doc. No. 59: Supplemental Presentence Report at 2).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion through counsel, (Doc. No. 58), is **GRANTED** and the defendant's sentence for Count One is reduced to 125 months. However, if the Bureau of Prisons credits the defendant with more than 125 months on Count One as of November 1, 2015, the sentence shall be reduced to the time served.[1]  The sentence for Count Five and all other conditions remain unchanged.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release.

**IT IS FURTHER ORDERED** that this Order shall not become effective until November 1, 2015.

**IT IS FURTHER ORDERED** that defendant's pro se motions, (Doc. Nos. 55, 57) are **MOOT**.

---

[1] The defendant has approximately 138 credited months in the Bureau of Prisons (BOP), (Doc. No. 59: Supplemental Presentence Report at 2); however, a sentence may not be reduced below the time a defendant has already served. USSG §1B1.10(b)(2)(C).

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 19, 2015

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge